## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**DALLAS TYSZKOWSKI,**

**Plaintiff,**

**-vs-**                                                    **Case No.  6:06-cv-534-Orl-22DAB**

**EH/TRANSEASTERN HOMES, BOB
HILLIARD, and JEFF SELLERS,**

**Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motions filed

herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANTS [HILLIARD AND SELLERS] MOTION TO DISMISS PLAINTIFF'S COMPLAINT (Doc. No. 40)** |
| **FILED:** | **July 31, 2006** |
| _____ | |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. | |

| | |
|---|---|
| **MOTION:** | **DEFENDANT EH/TRANSEASTERN HOMES' MOTION TO DISMISS (Doc. No. 44)** |
| **FILED:** | **August 7, 2006** |
| _____ | |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. | |

### BACKGROUND

On March 10, 2006, Plaintiff filed a Complaint in state court against his ex-employer, Defendant EH/Transeastern Homes (herein "EH"), as well as the President and Manager of EH (Doc. No. 2). The Complaint sounds in three counts: Count I -against all Defendants -Violation of 42 U.S.C. § 1981; Count II - against all Defendants-Violation of 42 U.S.C. § 1983; and Count III - against Defendant Hilliard-Defamation. The action was removed to this Court, on the basis of federal question jurisdiction, and the instant motions followed. Plaintiff has filed a response to the motions (Doc. No. 48) and the matter was referred to the undersigned United States Magistrate Judge for issuance of a Report and Recommendation. For the reasons set forth herein, it is **respectfully recommended** that the motions be **granted,** and the Complaint be **dismissed, with leave to amend.**

### THE ALLEGATIONS OF THE COMPLAINT

Plaintiff asserts that his Complaint "is an action brought by the Plaintiff for money damages and to enjoin the Defendants' Non-discrimination and Anti-Harassment Policy practices as prohibited by Title VII of the Civil Rights Act of 1964 and 1991, 42 U.S.C. § 2000e *et seq.,* 42 U.S.C. § § 1981, 1983, and the Fourteenth Amendment to the United States Constitution; and for defamation of character." (Allegation 1). Plaintiff asserts that he is a male Caucasian (Allegation 3) and that he was employed from August 2004 to January 3, 2006 as the Construction Manager with EH (Allegation 7). Plaintiff alleges that he "began to meet with resistance to his presence" within the first month of his employment (Allegation 8). The Complaint details various circumstances in which Plaintiff alleges that he was not treated courteously or fairly by his employer, such as not receiving replies to emails he sent, being told to "Figure it out!," receiving a yearly review which included a low mark in Dealing with People, and being blamed for failure of an inspection, when it was not his fault

(Allegations 9-41).   Plaintiff alleges that he complained to the Human Resources Department

regarding "discriminatory treatment he has been receiving." (Allegations 36 and 42).   Plaintiff met

with the CEO of EH to discuss his treatment, and gave the CEO "copies of unresponsive emails and

lack of support." (Allegation 43).   The "difficulty and lack of support" continued (Allegations 43-48),

and Plaintiff gave EH his resignation, with two weeks notice, on December 19, 2005 (Allegation 49).

Plaintiff alleges that following his resignation, EH and Hilliard began a "smear campaign" to defame

him (Allegation 51). He contends that he did not receive two weeks notice pay or expenses submitted

in December.

In Count I, Plaintiff asserts that these actions "prevented Plaintiff from enjoying and enforcing

his employment contract property rights, thereby denying him of said rights without due process of

law on the basis of his race, Caucasian" and in violation of 42 U.S.C. § 1981 and the EH Employee

Handbook (Allegation 59).   Plaintiff contends in Count II that it is the policy and custom of

Defendants to discriminate against employees of EH when other employees have acted in a negative

manner towards the Company; and that Hilliard and Sellers implemented this policy and custom and

"assisted and effected the resignation of Plaintiff." (Allegations 62 and 63).   These actions are alleged

to constitute "discriminatory harassment: of Plaintiff in violation of his civil rights, his rights to due

process and constitute a deprivation of his rights, privileges and immunities secured by the

Constitution and 42 U.S.C. § 1983" (Allegation 64).   Count III purports to assert a state law claim for

defamation; alleging that Hilliard's statements were disseminated to the community through

employees, were false and malicious, deprived Plaintiff of "public confidence and good will" and

lowered his reputation, resulting in damages (Allegations 67-71).

### STANDARDS OF LAW

A court should not dismiss a complaint for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  In evaluating a motion to dismiss a complaint, the court must accept all the alleged facts as true, and draw all inferences from those facts in the light most favorable to the plaintiff. *See Cooper v. Pate*, 378 U.S. 546 (1964); *Hawthorne v. Mac Adjustment, Inc.,* 140 F.3d 1367, 1370 (11th Cir.1998);.  The Court, however, does not generally accept as true conclusory allegations or bare legal conclusions. "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir.2002).  Where, as here, Plaintiff is *pro se*, federal courts liberally construe "inartful pleadings." *Hughes v.. Rowe*, 449 U.S. 5, 9 (1980).

### ANALYSIS

Defendants move to dismiss the Complaint, asserting that Plaintiff has failed to state a cause of action pursuant to 42 U.S.C. § § 1981, 1983, or for defamation.

#### Count I - 42 U.S.C. § 1981

 Title 42 U.S.C. § 1981 provides, in pertinent part:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of the laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

-4-

As argued by the Defendants, to state a claim of racial discrimination under Section 1981, Plaintiff must allege facts establishing: (1) he is a member of a racial minority; (2) that the defendant intended to discriminate on the basis of race; and (3) that the discrimination concerned one or more of the activities enumerated in the statute. *See Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1270 (11th Cir. 2004).  Plaintiff has pled that he is a Caucasian, but the Supreme Court has held that the protections of Section 1981 extend to Caucasians, and, as such, he can maintain a Section 1981 claim if he alleges that he was discriminated against in favor of a non-Caucasian, or if he is part of an identifiable class of persons based on their ancestry or ethnic characteristics.  *See Saint Francis College v. Al-Khazraji,* 481 U.S. 604 (1987); *McDonald v. Santa Fe Trail Transportation Co.*, 427 U.S. 273 (1976).  A review of the Complaint shows that Plaintiff has failed to plead such racial discrimination.  Though Plaintiff alleges that he was "discriminated" against, he alleges no factual basis to support a finding that his ill-treatment was due to his race, or that non-Caucasians were favored.

A plaintiff can bring a harassment claim under § 1981, and the claim is analyzed under the same analytical framework applied to Title VII cases.  *See Shields v. Fort James Corp.*, 305 F.3d 1280, 1282 (11th Cir. 2002) (citing 42 U.S.C. § 1981(b)).  Indeed, it appears from his response that Plaintiff is attempting to allege a violation of Title VII.[1]  As recently summarized by a sister District Court in this Circuit:

> In a case in which an employee alleges a hostile work environment based on race or sex, the employee must first establish a prima facie case by showing that: (1) the

---

[1]To the extent Plaintiff is attempting to plead a Title VII case, he fails to plead that he has exhausted his administrative remedies.  *See Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 460 (5th Cir. 1970).  Although Plaintiff attaches a right to sue letter to his response, this is outside the four corners of the Complaint.  Plaintiff should have an opportunity to amend his Complaint, to the extent he wishes to plead a Title VII claim, to include such an allegation.

employee was subjected to unwelcome sexual or racial harassment by a co-worker or supervisor; (2) the harassment was based on the employee's sex or race; (3) the harassment was so severe or pervasive that it could be considered to have affected a term or condition of employment, and (4) there is a basis for holding the employer liable for the conduct of the harasser. *See Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002); *Henson v. City of Dundee*, 682 F.2d 897, 903-05 (11th Cir. 1982); *see also Faragher v. City of Boca Raton*, 524 U.S. 775, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998); *Burlington Industries v. Ellerth*, 524 U.S. 742, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998).

 In deciding whether a hostile environment was created, a court must look at all of the circumstances, focusing on four factors: the frequency of the allegedly discriminatory conduct; the severity of the conduct; whether the conduct was threatening or humiliating, and whether it unreasonably interfered with the plaintiff's performance at work. *Harris*, 510 U.S. at 23; *Gupta v. Florida Board of Regents*, 212 F.3d 571, 582-83 (11th Cir. 2000); *Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1246 (11th Cir. 1999). For example, in the racial harassment context, the harassing comments and other actions exhibited by co-workers would have to be so "commonplace, overt and denigrating that they created an atmosphere charged with racial hostility." *E.E.O.C. v. Beverage Canners, Inc.*, 897 F.2d 1067, 1068 (11th Cir. 1990).

Once a plaintiff has established that he was subjected to severe or pervasive harassment at the hands of a co-worker or supervisor, he must still establish that the employer should be held liable for the actions of the alleged harasser. If the harasser is a co-worker with no authority over the plaintiff, an employer is liable only if the plaintiff establishes that the employer knew or should have known of the harassment and failed to take prompt remedial action to correct the situation. *Breda v. Wolf Camera & Video*, 222 F.3d 886, 889 (11th Cir. 2000) (citing *Henson*, 682 F.2d at 905). If the harassment is perpetrated by a supervisor with actual authority over the plaintiff, the employer may be held vicariously liable even when it did not have knowledge of the allegedly harassing behavior. *See Faragher*, 524 U.S. at 775; *Dees v. Johnson Controls World Serv., Inc.*, 168 F.3d 417, 421-44 (11th Cir. 1999).

*White v. Sears, Roebuck and Co.*, 2006 WL 2443848, *23 (N.D. Ga. 2006). Although the above standards apply to Plaintiff's burden of *proof* of his claim, and not Plaintiff's burden of *pleading* his claim, the standard is still relevant to the pleading analysis.

The Supreme Court has determined that a complaint asserting employment discrimination under Title VII need not contain specific facts establishing a prima facie case; it, instead, need only

contain a short statement of the claim showing that the pleader is entitled to relief. *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 510-11 (2002) (*citing* Fed.R.Civ.P. 8(a)(2).)  As noted by the Eleventh Circuit, however, the Supreme Court "did not even remotely suggest that a pleading could survive dismissal when it consisted of only the barest of conclusory allegations without notice of the factual grounds on which they purport to be based." *Jackson*, *supra,* 372 F.3d at 1270-71.   "Indeed, "[p]leadings must be something more than an ingenious academic exercise in the conceivable," and "unsupported conclusions of law or of mixed law and fact are not sufficient to withstand a dismissal under [Fed.R.Civ.P. 12(b)(6)]." *Cooley v. Great Southern Wood Preserving*, 138 Fed.Appx. 149, *152-153 (11th Cir. 2005) (unpublished) (*citing Jackson*, 372 F. 3d. at 1271).

Applied here, Plaintiff presents no factual grounds (short and plain or otherwise) sufficient to show that he is entitled to relief.  Plaintiff fails to plead any racially-based actions or comments whatsoever. The factual matters Plaintiff does plead as constituting the alleged "discrimination" (failure to reply to emails, being told to "Figure it out!, being blamed for a failed inspection) are racially neutral and devoid of any predicate sufficient to infer a racial motivation.  Thus, Plaintiff has not adequately stated a claim for violation of Section 1981.  As the standard for Section 1981 claims is  that applicable to Title VII claims, the Complaint fails to state a cause of action under Title VII, as well.[2]  It is recommended that this count be dismissed.

### Count II 42 U.S.C. §  1983

---

[2]Not all workplace inequities are actionable under anti-discrimination laws.  While Plaintiff may believe that he was treated unfairly, Title VII does not create a "general civility code for the American workplace." *Oncale v. Sundowner Offshore Servs., Inc.,* 523 U.S. 75, 80, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998).  Should Plaintiff elect to replead, he should keep this principle in mind.

To state a claim under 42 U.S.C. § 1983, a plaintiff must prove that the defendant, under color of state law, deprived him of a right protected under the Constitution or laws of the United States. *Little v. City of N. Miami*, 805 F.2d 962, 965 (11th Cir. 1986).

> As the Supreme Court has explained, "[t]o state a claim for relief in an action brought under § 1983, [plaintiffs] must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law. Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49-50, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999) (internal punctuation and citations omitted). Section 1983's state action requirement applies regardless of the nature of the substantive deprivation being alleged.

*Focus on the Family v. Pinellas Suncoast Transit Authority*, 344 F.3d 1263,1276-1277 (11th Cir. 2003).

Applied here, Plaintiff has failed to allege the requisite state action and thus, has not stated a cognizable claim for violation of Section 1983. The dispute alleged is between private citizens and as such, is not redressable under this provision. This Count must be dismissed.

### Count III -Defamation

This Count is a state law cause of action for alleged defamation, pled against Defendant Hilliard. Although Hilliard contends that the Count should be dismissed for failure to state a claim, the Court recommends that the District Court decline to exercise jurisdiction over the claim, and remand it to the state court.

A court may consider *sua sponte* whether it should exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over a Plaintiff's state law claim.[3] Title 28, United States Code, Section 1367 codifies the doctrines formerly known as pendent and ancillary jurisdiction. *Palmer v. Hosp. Auth. of Randolph County*, 22 F. 3d 1559, 1562 n.3 (11th Cir. 1994). Section 1367 (c) lists specific circumstances in which a district court may decline to exercise supplemental jurisdiction over a state law claim joined with a claim over which the court has original jurisdiction:

> c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--
> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367.

If, after examining the factors listed in § 1367(c), the district court "decides that it has the discretion . . . to decline jurisdiction . . ., it should consider the traditional rationales for pendent jurisdiction, including judicial economy and convenience, in deciding whether or not to exercise that jurisdiction." *Palmer*, 22 F. 3d at 1569.

Courts considering supplemental jurisdiction have declined to exercise jurisdiction in cases in which the state claims require different or foreign elements of proof. *See James v. Sun Glass Hut of California, Inc.*, 799 F.Supp. 1083, 1085 (D. Colo. 1992) (declining to exercise supplemental jurisdiction over employee's state law claims where they substantially predominated over ADEA claim). Additionally, courts in this circuit have hesitated to exercise pendent jurisdiction over state

---

[3]*See, e.g. Gamez v. Brevard County, Florida*, 2006 WL 2789031 (M.D. Fla. September 26, 2006); *Wilson v. Hilton Hotels Corp.*, 2005 WL 1051144 (M.D. Fla. April 4, 2005).

claims which would only serve to introduce jury confusion and delay.  *See Bennett v. Southern Marine Mgmt. Co.*, 531 F. Supp.115, 117-118 (M.D. Fla. 1982) (holding that combining Title VII and state tort and contract claims would cause confusion and delay, which is at odds with important federal policies underlying Title VII); *Williams v. Bennett*, 689 F. 2d 1370, 1380 (11th Cir. 1982) (affirming trial judge's exercise of discretion not to assert pendent party jurisdiction and deference to state court's resolution of the state law claim of assault and battery), *cert. denied*, 464 U.S. 932(1983).  Finally, courts have pointed to differences in recoverable damages as a basis for refusing to exercise supplemental or pendent jurisdiction. *See James*, 799 F. Supp. at 1085 ("all the state law claims involve damages not available under ADEA"); *Bennett v. Southern Marine Mgmt. Co.*, 531 F. Supp. At 117 ("[T]hese state claims also support theories of recovery unavailable under Title VII; presentation of additional elements of damages necessarily involves additional discovery and trial time").

Applied here, the Court has jurisdiction over this removed case based on federal questions presented in the Section 1981/1983/Title VII claims.  There is no allegation that the parties are diverse or that the Court has jurisdiction over the state law claim on any basis other than its inclusion in a case which is otherwise federal in nature. The state law claim for defamation is a discrete claim,  which includes different elements of proof and damages from the federal discrimination claims alleged, as well as defenses unique to that claim, and combining such a claim with the Title VII/ federal discrimination claims against all of the Defendants is likely to cause jury confusion and delay. Moreover, the defamation claim is pled solely against Hilliard.  To the extent Plaintiff's federal claim is, at best, a claim pursuant to Title VII, Plaintiff cannot state a cause of action against Hilliard under Title VII.  *See Dearth v. Collins,* 441 F.3d 931, 933 (11th Cir. 2006) ("To the extent that we have not

so held before, we now expressly hold that relief under Title VII is available against only the employer and not against individual employees whose actions would constitute a violation of the Act, regardless of whether the employer is a public company or a private company.") For the foregoing reasons, the Court **recommends** that the District Court decline to exercise supplemental jurisdiction over Count III and remand this claim to state court for further proceedings.

### CONCLUSION AND RECOMMENDATION

It is **respectfully recommended** that the motions be **GRANTED**, in that Counts I and II should be dismissed, with leave to replead within 11 days of any Order adopting or approving this Report and Recommendation, and Count III should be remanded to state court.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 1, 2006.

*David A. Baker*
_____
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

-11-