**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**DALLAS TYSZKOWSKI,**

        **Plaintiff,**

**-vs-**                                                    **Case No. 6:06-cv-534-Orl-22DAB**

**EH/TRANSEASTERN HOMES, BOB
HILLIARD, and JEFF SELLERS,**

        **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration following Plaintiff's failure to appear at a status conference held before the undersigned on February 1, 2007.

Following dismissal of his Complaint, the District Judge granted Plaintiff leave to file an Amended Complaint "[n]o later than January 10, 2007." (Doc. No. 62). Plaintiff failed to timely file an Amended Complaint, nor did Plaintiff file a timely motion for extension of time. This Court's Order to Show Cause followed (Doc. No. 66). In response to the Court's Order to Show Cause, on January 25, 2007, Plaintiff filed a Motion for Continuance, asserting that his sister had passed away on January 8, 2007, in California, and that he was traveling "to and from Florida to California" to attend to and settle estate matters. The Court granted the motion, to the extent Plaintiff sought to reschedule the status conference and denied the motion, in all other respects (Doc. No. 68). Despite the accommodation of rescheduling the conference to a date Plaintiff chose, he failed to attend.

In view of the foregoing, it is **respectfully recommended** that Plaintiff's case be **dismissed** for failure to prosecute. While the Court is not unsympathetic to the passing of Plaintiff's sister, the District Judge dismissed the complaint and ordered the filing of an Amended Complaint on December 7, 2006. Thus, Plaintiff knew well before his sister's death that he must take this affirmative step by a certain deadline to move this case forward. Despite this knowledge, he failed to file the required pleading.[1] Moreover, and most importantly, to date, Plaintiff has *still* failed to file the Amended Complaint. Absent an appropriate pleading, there is no claim presently before the Court. This, plus Plaintiff's failure to attend the status conference indicates an unwillingness to proceed. Dismissal is **recommended.** [2]

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 1, 2007.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[1] Plaintiff did, however, file a Notice of Mediation on December 11, 2006 (Doc. No. 63). Defendant moved to strike the notice, as unilateral (Doc. No. 64), and Plaintiff filed no response to that motion. The Court set a status conference for January 18th, but rescheduled, upon being advised that Plaintiff had contacted the Clerk to say that he could not attend the conference, as he was in California.

[2] The state law defamation claim was remanded to state court.